UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL PAPAZIAN,<br><br>              Petitioner,<br><br>    v.<br><br>WARDEN, USP-ATWATER,<br><br>              Respondent. | No. 1:24-cv-00392-HBK (HC)<br><br>ORDER GRANTING IN PART MOTION TO DISMISS PETITION WITH LEAVE TO FILE A SECOND AMENDED PETITION[1]<br><br>(Doc. Nos. 11, 19)<br><br>THIRTY (30) DAY DEADLINE |

      Petitioner James Michael Papazian, a federal inmate proceeding pro se, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241[2] on April 3, 2024, while he was incarcerated at United States Penitentiary ("USP") Atwater, located in Merced County, California, which is within the venue and jurisdiction of this Court. (Doc. No. 1). On June 5, 2024, Petitioner was granted leave to file a First Amended Petition (Doc. Nos. 11, 12, "FAP"). On September 24, 2024, Respondent filed a motion to dismiss the FAP without prejudice, relate the instant case with another case filed by Petitioner in the Eastern District of

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1). (Doc. No. 22).

[2] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

1

California, and grant Petitioner leave to file a Second Amended Petition. (Doc. No. 19, "Motion"). Petitioner did not file an opposition to Respondent's Motion and the time to do so has expired. (*See* Doc. Nos. 4, 21, advising Petitioner he has 21 days to file an opposition or statement on non-opposition). On October 17, 2024, by separate order, this Court declined to relate this case and the case identified by Respondent. (Doc. No. 23). For the following reasons, the Court grants Respondent's Motion to dismiss without prejudice for failure to comply with Rule 2(c) of the Rules Governing Section 2254 Cases and affords Petitioner the opportunity to file a Second Amended Petition on the Court's approved form.

## DISCUSSION

### A. Rule 2(c)

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . .." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

(1) Specify all the grounds for relief available to the petitioner;
(2) State the facts supporting each ground;
(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten; and
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's commitment or detention.

Initially, the Court notes the First Amended Petition is in a narrative format and not on the approved form. Therefore, it lacks critical information. Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a petition "substantially follow either the form appended to [the] rules or a form prescribed by local district-court rule." To the extent discernable, the Petition challenges 41 days of loss good time credit stemming from

disciplinary charges for Code 196 and 197 that were enhanced to Code 199 without due process of law. (Doc. No. 11 at 4). The Petition set forth multiple claims connected to a disciplinary hearing while Petitioner was incarcerated at USP Atwater, including denial of his right to confront his "accuser," improperly amending his charge to BOP Code 199, using illegally obtained evidence at the disciplinary hearing in violation of Petitioner's Fourth Amendment rights, suppression of exculpatory evidence and failure to disclose evidence to him at the disciplinary hearing, and misconduct by the officer who filed the incident report. (Doc. No. 11 at 4-6). Petitioner's narrative pleading without supporting facts is insufficient to apprise Respondent of the basis of his claims. *See e.g., Reyes v. Warden*, FCI Mendota, 2022 WL 17488482 (E.D.Cal., Dec. 07, 2022).

Instead, a petition for writ of habeas corpus must specify the grounds for relief as well as the facts supporting each ground. Rule 2(c) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 2254. Petitioner must make specific factual allegations which, if true, would entitle him to habeas corpus relief. *United States v. Popoola*, 881 F.2d 811, 812 (9th Cir. 1989). Each ground for relief must be clearly stated and allege what federal constitutional violation has occurred, along with providing facts that support the grounds for relief. Because Petitioner fails to specify the facts supporting his ground(s) as required under Rule 2(c), the First Amended Petition fails to state a cognizable federal habeas claim and must be dismissed.

Because Petitioner has not clearly set forth his grounds for relief, and the facts supporting those claims, the Court cannot determine whether Petitioner has properly exhausted his administrative remedies as to each individual claim. Without this information, the Court cannot proceed to the merits of the petition. The information must include the precise claims filed and the decisions rendered as to those claims at each administrative level so the Court can determine whether Petitioner has exhausted his administrative remedies.

The Court will afford Petitioner an opportunity to file a Second Amended Petition curing these deficiencies. Should Petitioner file a Second Amended Petition, he is advised that it will supersede the first amended petition and become the operative pleading. *See Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc). The Second Amended Petition must be

free-standing, *i.e.* it must be <u>complete</u> without reference to the prior petition or any superseded pleading and must include <u>all</u> grounds for relief and supporting facts related to Petitioner's claims of due process violation in connection with his disciplinary hearing.  *See also* Local Rule 220.

The Court will direct the Clerk of Court to provide Petitioner with a blank form petition. Petitioner should title the pleading "Second Amended Petition."  Petitioner is hereby notified that for this Court to review his application, the Second Amended Petition should be on the proper form and include all necessary information on the form.  The Court will not attempt to identify Petitioner's claims or elicit facts in support of Petitioner's claims from attachments to the form.

Petitioner is forewarned that his failure to comply with this order will result in the petition being dismissed pursuant to Local Rule 110.

Accordingly, **IT IS ORDERED**:

1. Respondent's Motion to Dismiss without prejudice (Doc. No. 19) is GRANTED in part.
2. The First Amended Petition (Doc. No. 11) is DISMISSED with leave to amend.
3. Petitioner is GRANTED **thirty days (30)** from the date of service of this Order in which to file a Second Amended Petition.
4. The Clerk of Court shall provide Petitioner with a habeas corpus § 2241 form with this Order for Petitioner's use in preparing his Second Amended Petition.
5. If Petitioner fails to timely file a Second Amended Petition or seek an extension of time the undersigned will dismiss this action Petitioner's failure to comply with a court order and prosecute this action.

Dated:    October 18, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE